CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
September 09, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOEL AARON BURRELL, | ) | |
| Plaintiff, | ) | Civil Action No. 7:23-cv-00820 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| DAVID ANDERSON, *et al.*, | ) | Chief United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Joel Aaron Burrell, a Virginia inmate acting *pro se*, brought this action pursuant to 42 U.S.C. § 1983. In an amended complaint,[1] Burrell alleges due process claims related to disciplinary convictions he received at River North Correctional Center. (Am. Compl., Dkt. No. 50.) Defendants move to dismiss the amended complaint. (Dkt. No. 57.) Plaintiff responded to the motion to dismiss. (Dkt. No. 64.) Plaintiff has also moved for an order to transfer him to a different facility. (Dkt. No. 62.) For the reasons stated below, defendants' motion to dismiss will be granted and plaintiff's motion for transfer will be denied.

I. BACKGROUND[2]

Burrell's amended complaint cites to several exhibits regarding grievances, appeals, and disciplinary action. (Am. Compl. 2–8.) Burrell lists and labels Exhibits 1–94. However, Burrell did not attach any exhibits to the amended complaint, nor did he ask to submit them after

[1] Burrell was granted leave to file an amended complaint and filed the amended complaint on January 6, 2026. Accordingly, the previously-filed motion to dismiss the original complaint (Dkt. No. 40) will be denied without prejudice as moot. *See Corbett v. Noosa Pest Mgmt., LLC*, 3:22-cv-460-MOC-SCR, 2024 WL 4048879, at *1 (W.D.N.C. Sept. 4, 2024) (denying motion to dismiss original complaint on grounds that amended complaint superseded original complaint) (citing *Young v. City of Mt. Ranier*, 238 F.3d 567, 573 (4th Cir. 2001)).

[2] The following background is taken from the complaint, which is accepted as true for purposes of this opinion.

defendants noted the lack of exhibits in their brief in support of their motion to dismiss (Dkt. No. 58 at 4).[3]

After listing and describing these 94 exhibits, Burrell's amended complaint argues that he has been denied due process at certain disciplinary proceedings. (*Id.* at 8.) He alleges: "I am being denied Due Process in every particular Disciplinary Hearing." (*Id* at 9.) "Defendants collectively denied Plaintiff's Due Process Rights to request for evidence in his favor such as: documentary evidence, witnesses, and etc. in each and every Disciplinary Hearing proceeding, which Plaintiff requested for in Disciplinary Offense Reports." (*Id.* (citing several exhibits).) "In this context, Plaintiff suggest bias for being a jailhouse lawyer and African-American because Defendants Amber King, J. West, and CJ MacVean denial of all Plaintiff's documentary evidence, witness request, reporting officer response form questions." (*Id.*)

Burrell's amended complaint continues to advance theories of several procedural due process violations by citing to exhibits that, as noted, have not been attached to the amended complaint. (*Id.* at 9–18.) For example, Burrell alleges: "For Exhibit 71 Due Process violation was committed when Defendant(s) failed to submit Plaintiff's documentary evidence, inmate request evidence, and witness request forms for processing. Misty Counts was prohibited from being called as a witness because of her status as VDOC-PREA Analyst. Blanket policies of denying witnesses, or types of witnesses, have generally been held unconstitutional." (*Id.* at 11.) Burrell requests re-hearings with procedural due process protections and that future hearings include such protections. (*Id.* at 15–16.)

[3] Burrell has filed exhibits at various other parts of the docket. However, the court will not search the docket for exhibits that may correspond to the exhibits he references in the amended complaint. *See McClary v. Hafeze*, 1:19-CV-1, 2021 WL 11134243, at *1 (M.D.N.C. Apr. 22, 2021) (explaining that "a court is not required to scour the record in search of evidence to defeat a motion") (citing *Ritchie v. Gladden Co.*, 242 F.3d 713, 723 (7th Cir. 2001)). Burrell will be granted leave to file an amended complaint so he may cure this deficiency.

## II. ANALYSIS

**A. Rule 12(b)(6) Motion to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–63 (2007). To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. The court need neither accept a complaint's legal conclusions drawn from the facts, *id.* at 679, nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments," *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). The court, however, accepts as true the complaint's well-pleaded factual allegations and construes these allegations, and the reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

Pleadings by pro se litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. *See* 42 U.S.C. § 1983; *Health & Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166, 171 (2023). Furthermore, to establish liability

under § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of his rights." *Williamson v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018).

**B. Procedural Due Process Claims**

Constitutional due process protections extend to prison disciplinary hearings that could adversely impact an inmate's liberty interests. *Lennear v. Wilson*, 937 F.3d 257, 268 (4th Cir. 2019) (citing *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974)). To establish a violation of procedural due process, a plaintiff must satisfy three elements: (1) a constitutionally cognizable life, liberty, or property interest; (2) a deprivation of that interest caused by some form of state action; and (3) that the procedures employed were constitutionally inadequate. *Sansotta v. Town of Nags Head*, 724 F.3d 533, 540 (4th Cir. 2013).

Burrell's amended complaint will be dismissed because he has not plausibly alleged the personal involvement of any of the defendants in this action. As noted, plaintiff alleges several due process violations by reference to exhibits that were not attached to the amended complaint. His allegations are couched in general language and do not give adequate notice of a plausible due process or other constitutional violation to any of the named defendants. His most specific allegation is to the "denial of all Plaintiff's documentary evidence, witness request, reporting officer response form questions" by defendants King, West, and MacVean. (Am. Compl. at 9.) This is not sufficient to state the personal involvement of these defendants because it is unclear what denial or denials Burrell is referencing. Burrell's amended complaint itself is evidence that Burrell was involved in several proceedings, so it is impossible to gauge which proceeding or proceedings allegedly generated a due process violation.

To the extent that Burrell is alleging that any defendants are liable as supervisors, he has failed to state a cognizable claim. Supervisory liability under § 1983 may not be predicated only

on the theory of respondeat superior. *See McLin v. Va. Dep't of Corr.*, Civil Action No. 7:19cv00247, 2020 WL 448260, at *2 n.2 (W.D. Va. Jan. 28, 2020) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 663 n.7 (1978)). Plaintiff has not pled the elements of supervisory liability under § 1983, which requires that (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed a "pervasive and unreasonable risk" of constitutional injury; (2) the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular injury suffered by the plaintiff. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). To the extent that Burrell complains that VDOC policies or procedures were not followed, this cannot form the basis of a constitutional claim. *Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990).[4]

In response to the motion to dismiss, Burrell includes additional factual context for his claims. (Dkt. Nos. 64, 64-1.) A complaint cannot be amended by a brief in opposition to a motion to dismiss. *See Couch v. City of Va. Beach*, 768 F. Supp. 3d 741, 748 n.7 (E.D. Va. 2025). Burrell will be granted leave to file an amended complaint.

For these reasons, the court will dismiss Burrell's amended complaint.

**C. Motions for Injunctive Relief and for Transfer**

Burrell has filed a motion requesting that he be transferred to facility outside of Virginia. (Dkt. Nos. 62.) Motions for a transfer by a prisoner are considered motions for injunctive relief.

[4] Burrell also appears to be alleging a claim for *Monell* liability. (Am. Compl. 12–13.) The defendants in this action are state employees, and the "principles announced in *Monell* . . . do not apply at all . . . where the supervisory defendant is a state employee." *Wojnarowski v. Wetzel*, Civil Action No. 19-174, 2020 WL 8513503, at *12 (W.D. Penn. Nov. 10, 2020).

*Fogel v. Hall*, Civil Action No. 7:24-cv-00355, 2025 WL 1316498, at *1 (W.D. Va. May 6, 2025). A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Burrell's motion will be denied because he has not established that he is likely to succeed on the merits of his claims in this lawsuit, and his request for a transfer is not related to the allegations in his lawsuit. While a "preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally," an injunction should not issue when "it deals with a matter lying wholly outside the issues in the suit." *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945); *see also Brooks v. Zorn*, No. 2:22-cv-00739-DCN-MHC, 2024 WL 1571688, at *6 (D.S.C. Apr. 11, 2024) (denying motion that "seeks injunctive relief unrelated to his complaint against non-parties to this lawsuit") (citing *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).

The court will deny Burrell's request for injunctive relief.

## III. CONCLUSION

The court will issue an appropriate order granting defendants' motion to dismiss and denying plaintiff's motion for a transfer.

Entered: September 9, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge